IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01102-CYC

OMIL COTTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
ALFREDO DIAZ,

    Defendants.

---

### ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Omil Cotto asks the Court to reconsider its July 29, 2025 Order, *Cotto v. United States*, No. 22-cv-01102-CYC, 2025 WL 2144748 (D. Colo. July 29, 2025) ("Cotto II"), granting defendant United States of America's motion for summary judgment. ECF No. 118. The plaintiff argues that the Court (1) misapplied the discretionary function exception, (2) improperly resolved a factual dispute, and (3) rigidly applied procedural rules, resulting in manifest injustice. Because none of these arguments compel the relief requested, the motion is denied.

### ANALYSIS

    There are two threshold issues to address.

    First, the plaintiff staties that he does not recall consenting to the jurisdiction of a magistrate judge. ECF No. 118 at 1 n.3. But he filed a Consent Form on June 5, 2023, in which he consented "to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment." ECF No. 29 at 1. The United

States filed its consent on August 18, 2025, ECF No. 36, and, as a result, Chief Judge Brimmer entered an Order of Reference pursuant to 28 U.S.C. § 636(c) that same day. ECF No. 37.

Second, while the plaintiff purports to bring the motion under Fed. R. Civ. P. 59(e), judgment has not entered. *See Cotto II*, 2025 WL 2144748, at *7. Mindful of its duty to construe pro se pleadings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court therefore construes the motion as one for reconsideration of an interlocutory order. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760, 765–66 (10th Cir. 2007). Such motions "fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Exploration & Prod. Co. v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015).

"As a general principle, courts grant motions to reconsider where there is '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice.'" *Singletary v. Bureau of Prisons*, No. 24-cv-00145-NYW-KAS, 2025 WL 1518168, at *1 (D. Colo. May 28, 2025) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such motions "are generally an inappropriate vehicle to advance 'new arguments[ ] or supporting facts which were available at the time of the original motion.'" *Spring Creek*, 2015 WL 3542699, at *2 (quoting *Servants*, 204 F.3d at 1012). The plaintiff maintains that the Court's July 29, 2025 Order needs to be corrected to prevent manifest injustice or to correct clear error. ECF No. 118 at 3–4. His challenges, though, do not demonstrate such a need.

A.   **Application of the Discretionary Function Exception**

The Court found that the "discretionary-function" exception to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, applied to the plaintiff's claim against the United States

alleging that its employees negligently responded to an assault he suffered on January 22, 2020. *Cotto II*, 2025 WL 2144748, at *4–6. The plaintiff protests. He points to 18 U.S.C. § 4042(a) and BOP Program Statement 6031.05, and argues that the declaration provided by the United States in support of its Rule 56 motion was "self-serving." ECF No. 118 at 5–7. These arguments were either addressed and rejected by the Court in the July 29, 2025 Order or available to the plaintiff when the Rule 56 motion was briefed. *See, e.g., Cotto II*, 2025 WL 2144748, at *5 (addressing BOP Program Statement 6031.05). In a motion for reconsideration, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants*, 204 F.3d at 1012. As a result, these arguments provide no basis for reconsideration of the July 29, 2025 Order.

**B.      Negligence Claim**

With regard to the plaintiff's claim that a nurse employed by the United States negligently removed sutures causing an infection, the Court concluded that there is no record evidence that the nurse caused any injury to the plaintiff and, as a result, the United States was entitled to summary judgment on the plaintiff's negligence claim. *Cotto II*, 2025 WL 2144748, at *6–7. The plaintiff argues that the Court improperly decided a factual issue that should have been decided by a jury. ECF No. 118 at 7–9.

The purpose of a Rule 56 motion is for the Court to determine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the Court reviewed the evidence and concluded that "no record evidence showed a post-suture removal infection, let alone one caused by Nurse Garcia." *Cotto II*, 2025 WL 2144748, at *6. As a result, the Court concluded that the United States was entitled to summary judgment. As then-Chief Magistrate Judge Hegarty had

3

previously advised the parties, this is a negligence claim, and "'the plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury.'" *Cotto v. United States*, No. 22-cv-01102-MEH, 2023 WL 11862290, at *5 (D. Colo. Nov. 29, 2023) ("Cotto I") (quoting *Day v. Johnson*, 255 P.3d 1064, 1068 (Colo. 2011)). The plaintiff failed to offer evidence on one of those elements. And "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is what the Court did: it applied the law to the facts of this case, and the argument that the Court "resolved a factual dispute" that should have gone to the jury, ECF No. 118 at 9, is incorrect.

The plaintiff has another arrow in his quiver. He argues that there is circumstantial evidence that a jury must consider. *Id*. at 8–9. But "[a] motion for reconsideration is not the proper forum to entertain new interpretations of 'supporting facts which were available at the time of the original motion.'" *Spring Creek*, 2015 WL 3542699, at *3 (quoting *Servants*, 204 F.3d at 1012). A motion for reconsideration may not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants*, 204 F.3d at 1012. That is what the plaintiff's argument attempts to do.

Accordingly, each of these arguments regarding the Court's grant of summary judgment on the negligence claim provide no basis for relief.

**C.     Application of Procedural Rules**

The plaintiff faults the Court's application of procedural rules. ECF No. 118 at 10. To be sure,

> district courts must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), including during summary-judgment proceedings. *Hall*, 935 F.2d at 1110 n.3.

*Cotto II*, 2025 WL 2144748, at *2. But in addition to liberally construing the plaintiff's pleadings and holding him to a less stringent standard, the Court also granted the "unusual privilege" of a surreply to the plaintiff. *Id.* at *1. And, contrary to the plaintiff's assertions, even when considering a Rule 56 motion filed against a pro se litigant, "when a 'party fails to cite to the particular parts of the record that support a particular argument, the district court is under no obligation to parse through the record to find the uncited materials.'" *Barnes v. Omnicell*, No. 23-1336, 2024 WL 2744761, at *3 (10th Cir. May 28, 2024) (unpublished) (quoting *Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020)). In short, "liberally construing pleadings cannot conjure a factual dispute out of thin air." *Cotto II*, 2025 WL 2144748, at *2.

The plaintiff protests. Citing a supposed *Ayala v. Holmes* decision from the Tenth Circuit located at 29 F.4th 1015, he contends that the Court is bound not to fault a pro se litigant's failure to cite the record. ECF No. 118 at 11. That case does not exist. A case entitled *Ayala v. Holmes*, 29 F. App'x 548 (10th Cir. 2002), exists, but it does not concern summary judgment. And the citation of 29 F.4th 1015 is within *Barrera Arreguin v. Garland*, 29 F.4th 1010 (10th Cir. 2022), a case denying a petition for review of a Board of Immigration Appeals decision. Moreover, the Court's July 29, 2025 Order was not simply based on the plaintiff's failure to cite the record. And the Court is not aware of binding authority reversing the Tenth Circuit's guidance that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F.2d at 1110, that "the district court is under no obligation to parse through the record to find [ ] uncited materials,'" *Barnes*, 2024 WL 2744761, at *3, and that pro se litigants must "follow the same rules of procedure that govern other litigants," including the

5

Federal Rules of Civil Procedure. *Garrett*, 425 F.3d at 840 (quotation marks omitted). Further, the plaintiff does not direct the Court to any specific evidence it failed to consider or misconstrued. His general argument that his pro se status renders the rules inapplicable to him does not establish that the Court must "correct clear error or prevent manifest injustice," *Servants*, 204 F.3d at 1012, by reconsidering the July 29, 2025 Order. As a result, this argument provides no basis for reconsideration of that order.

## CONCLUSION

The plaintiff has not identified an intervening change in the law, new evidence, or a need to correct clear error or prevent manifest injustice that would warrant reconsideration of the Court's July 29, 2025 Order. *Servants*, 204 F.3d at 1012. Accordingly, it is hereby ORDERED that the Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment, ECF No. 118, is **DENIED**.

DATED this 17th day of November, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge